## Lena Tobiason et al. v. Charles P. Wurts.

1. CHANCERY PRACTICE—*Referring Issues of Fact to a Jury is Discretionary With the Chancellor.*—The question of submission of issues of fact to a jury in a chancery suit is wholly within the discretion of the chancellor.

Bill to Foreclose a Mortgage.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

ALANSON C. NOBLE, attorney for appellants.

In suits in chancery, where the evidence is contradictory and of such character as to render it a difficult task to arrive at any definite conclusion concerning the merits of the case, the court should require the issues of fact to be determined by a jury. Russell v. Paine, 45 Ill. 350; Milk v. Moore, 39 Ill. 587.

While it is not binding on the chancellor to impanel a jury to try issues arising in a chancery suit, Milk v. Moore, 39 Ill. 587, yet it is so highly advisable in such cases as this, where there is fraud alleged, the parties defendant are ignorant, and the evidence contradicting, conflicting and uncertain, that not to impanel a jury to try such issues is reversible error. Russell v. Paine, *supra.*

GEORGE W. WATERMAN, attorney for appellee.

The question of submission of such an issue to a jury is wholly within the discretion of the chancellor in such cases as the one at bar. Milk v. Moore, 39 Ill. 584; Dowden v. Wilson, 71 Ill. 485; Hahn v. Huber, 83 Ill. 244; Guild v. Hull, 127 Ill. 523; Brown v. Miner, 128 Ill. 148.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a decree under a bill to foreclose a mortgage made to secure fourteen promissory notes, each for the sum of fifty dollars, dated June 6, 1900; the first

of said notes falling due September 1, 1900, and one of the same maturing on the first day of each month thereafter until the entire fourteen notes become due.

The cause was not referred to a master, but was heard by the chancellor; to this no objection was made, but it is insisted that the cause should have been submitted for trial by a jury. The court committed no error in refusing to submit this cause to a jury for trial.

Upon the hearing it appeared that upon the property on which these notes were by mortgage secured, there had been prior to the making of these notes an incumbrance for $7,500, and that with unpaid interest there was something over $8,000 due and unpaid thereon. The mortgagee or holder of the indebtedness was willing to receive forty-nine hundred or five thousand dollars in satisfaction of her claim. May 25, 1900, a loan of $5,000 was obtained upon the property for the purpose of taking up the indebtedness due Mrs. Hanbury, the holder of the incumbrance, amounting to over $8,000. Four thousand five hundred dollars of the proceeds of the $5,000 loan was paid to Mrs. Hanbury. For the purpose of obtaining the four or five hundred dollars necessary to make up the sum which Mrs. Hanbury was willing to take in satisfaction of her claim, the mortgage now under consideration was made, and' $400 obtained upon the fourteen notes for $50 each was paid to Mrs. Hanbury. The fourteen notes under consideration were prior to their maturity sold to appellee for the sum of $600. Appellee refused to give more than that sum for them because the mortgage securing the same was second to a mortgage for $5,000, and the security for the mortgage now under consideration was deemed by appellee not ample.

Appellee, the purchaser of the notes and trust deed, was not the agent of appellants, nor did he in any way have any fiduciary relations with appellants, or either of them, nor does it appear that in any way or wise appellants, or either of them, were by anybody deceived or misled in any respect as to the transactions under consideration. There

was no evidence showing that the transaction under which these notes were made was usurious.

The decree of the Circuit Court is equitable and in entire accordance with the evidence in the cause, and is affirmed.